U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 3 2013

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL T. LYNCH AND | § | |
| VICKI LYNCH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-928-A |
| | § | |
| JPMORGAN CHASE BANK, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiffs, Michael T. Lynch and Vicki Lynch, initiated this action by filing their original petition in the District Court of Tarrant County, Texas, 48th Judicial District, naming as defendants JP Morgan Chase Bank, N.A., ("Chase") and American Homes 4 Rent Two, LLC ("AH4R"). AH4R removed the action, with Chase's consent, alleging that this court has subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332.[1]

The allegations in the state court pleadings pertain to plaintiffs' property on Douglas Drive in Mansfield, Texas. Plaintiffs assert that Choice Homes, Inc., transferred the subject property to them on or about September 27, 2001, through a warranty deed and that plaintiffs executed a promissory note in favor of Mortgage Edge Corporation and also delivered a deed of trust. On February 2, 2009, an assignment of note and deed of trust was filed with the Tarrant County Clerk, which purported to assign the note and deed of trust for the subject property from Mortgage Electronic Registration System ("MERS") to Chase. The assignment indicated that MERS held the note as nominee for Mortgage Edge Corporation.

On or about April 2, 2013, Chase conducted a foreclosure sale of the subject property, and AH4R purchased the property. A

---

[1] The court notes that AH4R states in the notice of removal that it was served with plaintiffs' complaint on July 19, 2013, which, if true, would mean that the notice of removal was not timely filed. See 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."). However, the state court documents attached to the notice of removal make clear that plaintiffs' petition was filed on November 6, 2013. In any event, the court has determined that the action should be remanded because it has not been persuaded that it has subject matter jurisdiction over the action.

substitute trustee's deed was filed with the Tarrant County Clerk, purportedly transferring the property from plaintiffs to AH4R.  Plaintiffs assert that MERS did not own or hold the note on the subject property and that the Tarrant County records do not show the mortgage and note were ever assigned to MERS. Plaintiffs contend that because there was a break in the chain of title, Chase had no interest in the note or deed of trust and could not foreclose on the property, and therefore AH4R cannot evict plaintiffs.  Plaintiffs assert that the assignment from MERS to Chase was void and that only Mortgage Edge Corporation, as "lender," may invoke the power of sale under the deed of trust.

Plaintiffs assert claims against defendants to quiet title and for trespass to try title, and seek unspecified damages, attorney's fees, and a declaratory judgment that (1) Chase had no right to invoke the power of sale and (2) AH4R lacks any interest in the subject property.

## II.

## Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

4

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. <u>See</u> <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

### III.

### The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having

5

considered the authorities and arguments cited by AH4R in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of the petition provides sufficient information as to the amount in controversy. In the notice of removal, AH4R contends that when injunctive and declaratory relief are sought, "the amount in controversy is measure [sic] by the value of the object of the litigation." Notice of Removal at 2 (quoting Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977)) (internal quotation marks omitted). AH4R asserts that "[w]hen the 'Object of the mortgagor's litigation [is] the protection of his entire property,' the fair market value is the proper measure of the amount in controversy." Id. at 3 (quoting Nationstar Mortg, L.L.C. v. Knox, 351 Fed. App'x 844, 848 (5th Cir. 2009) (unpublished)). AH4R claims that the value of the subject property is at least $129,000.00 and that this amount satisfies the jurisdictional minimum amount in controversy.

However, the fact that the value of the property mentioned in plaintiffs' pleadings might be more than $75,000.00 does not

establish the amount in controversy.  Nowhere do plaintiffs in

their state court pleadings indicate that the fair market value

of the property represents the amount in damages they are

requesting.  Further, a review of plaintiffs' pleadings makes

clear that nothing therein gives rise to a claim to outright

title to the property.  Rather, plaintiffs are alleging that

Mortgage Edge Corporation, not Chase, was the rightful holder of

the note on the subject property and that AH4R, therefore, has no

interest in the property.  Hence, the court is convinced that

there is no legitimate dispute in this action over ownership to

the property, nor is there any basis in the petition by which

AH4R can establish that the amount in controversy exceeds the

jurisdictional minimum.

No information has been provided to the court that would

enable the court to place a value on the interest plaintiffs seek

to protect by this action.  Thus, AH4R has not shown by a

preponderance of the evidence that the amount in controversy in

this action exceeds $75,000, exclusive of interest and costs.

Consequently, the court has not be persuaded that it has subject

matter jurisdiction over the action, and the action should be

remanded to the state court from which it was removed.

IV.

<u>Order</u>

Therefore,

The court ORDERS that this action be, and is hereby,

remanded to the state court from which it was removed.

SIGNED December 3, 2013.

JOHN McBRYDE
United States District Judge

8